# Flanagin v. Leibert.

[November 15, 1843.]

Notes of testimony taken by counsel on a former trial, were allowed to be read in evidence, where it was proved that the witness resided in another state, and was not at the time of the trial within the jurisdiction of the court.

On the trial of this cause, plaintiffs called a witness, who did not appear. Proof was then given that he resided at Mount Holly, in the state of New Jersey, and had not been seen in Philadelphia at any recent time.

*Perkins*, for plaintiff, then offered to read his notes of the witness' testimony taken on a former trial of the case

---

[ Flanagin v. Leibert. ]

before Sergeant, J., and stated that he believed them to be full and correct.

This was objected to by the counsel for the defendant, because the notes were very probably not free from inaccuracies. 4 S. & R. 205; 11 S. & R. 337.

KENNEDY, J.—Admitted the notes to be read in evidence, remarking that it was not to be expected that the notes of testimony taken by counsel, should contain every word which witnesses might make use of. If they contained substantially what was said, that was sufficient. In this case the witness could not be compelled to attend, and counsel might read his notes, subject to correction by the other side.*

* It is a rule of law, that what a deceased witness swore at a former trial, may be given in evidence at a subsequent trial of the same point between the same parties. *Lightner* v. *Wike,* 4 S. & R. 205; *Moore* v. *Pearson,* 6 W. & S. 51. And so, where the witness is out of the state. *Magill* v. *Kaufman,* 4 S. & R. 319; *Cox* v. *Norton,* 1 Penn. R. 412. And this may be done by one of the counsel then concerned for the same party, though he does not recollect the testimony independently of his notes, nor whether there was a cross examination, and can give only the substance of the former testimony. *Chess* v. *Chess,* 17 S. & R. 408; *Gould* v. *Crawford,* 2 Barr 89; *Cornell* v. *Green,* 10 S. & R. 14; 1 Greenl. Ev. § 163—166.